**UNITED STATES of America,**
**Appellee,**

v.

**Robert Frank SAWYER, Appellant.**

**No. 9851.**

United States Court of Appeals
Fourth Circuit.

Argued May 5, 1965.

Decided June 15, 1965.

Lewis A. Noonberg, Baltimore, Md. (Court-assigned counsel), for appellant.

Paul M. Rosenberg, Asst. U. S. Atty. (Thomas J. Kenney, U. S. Atty., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and SOBELOFF and BOREMAN, Circuit Judges.

SOBELOFF, Circuit Judge:

On this appeal from a conviction of interstate transportation of a stolen motor vehicle, 18 U.S.C.A. § 2312 (1951), able and diligent court-appointed counsel has treated in brief and in oral argument every point suggested by the defendant which could possibly merit consideration. Finding no error in the trial, we affirm the judgment.

The chief contention is that certain comments made by the Assistant United States Attorney in the course of his closing argument to the jury were improper and highly prejudicial in that he expressed his personal belief in the defendant's guilt. Although trial counsel made no objection to these remarks, Sawyer asks us to recognize the alleged improprieties as "plain error" under Rule 52(b), Federal Rules of Criminal Procedure and Rule 10 of the Rules of this court.[1]

As we read the prosecutor's words, he did not exceed the bounds of propriety. As an advocate he could hardly be expected to make an argument without indicating to the jury that in his view the case had been proven. Myers v. United States, 49 F.2d 230 (4th Cir. 1931), cert. denied, 283 U.S. 866, 51 S.Ct. 657, 75 L.Ed. 1470 (1931). His comments were based entirely on the testimony, and he did not undertake to add an element of personal vouching or suggest, as prosecutors did in the cases the defendant cites, that he knew of important facts not shown to the jury. Such practices are, of course, strictly forbidden.

This court is fully advertent to the salutary Rule 15 of the American Bar Association's Canons of Professional Ethics[2] and the pertinent case law.[3] While affirming the judgment below, we remind the bar of Rule 15. Caution should always be observed to avoid its transgression, either in letter or in spirit.[4]

Trial counsel's failure to object would not necessarily foreclose our

---

1. The criticized comments were:

   "From the evidence today, I don't think that there is a reasonable doubt, I think that we have shown proof that he has committed this violation."

   *    *    *    *

   "When you look at the entire facts and circumstances of this case, I can see but only one conclusion, that Mr. Sawyer knew that this vehicle was stolen."

   .   *    *    *    *    *

   "I feel that the Government has produced evidence sufficient not only to convict Robert Frank Sawyer beyond a reasonable doubt, but when you consider the entire circumstances of everything that transpired from February fourth, 1964, until this day, that you can reach no other conclusion that Mr. Robert Frank Sawyer is guilty of the crime charged beyond any doubt."

   *      *      *      *      *

   "We don't know whether he, in fact, stole it, but we feel that, also, he might have been involved in the actual taking of the vehicle with Arthur Fischer or someone else. We are not claiming that he stole the car, however."

2. Rule 15 states: "It is improper for a lawyer to assert in argument his personal belief in his client's innocence or in the justice of his cause."

3. The cases are collected in an annotation entitled "Propriety and effect of prosecuting attorney's argument to jury indicating his belief or knowledge as to the guilt of accused," 50 A.L.R.2d 766 (1956) as supplemented.

4. See Drinker, Legal Ethics 147 (1953).

consideration of the point if it appeared that the prosecutor's argument had unfairly prejudiced the defendant. If such were indeed the case there would be a compelling reason in justice to recognize plain error. While ordinarily, if defense counsel does not object during the course of the Government's closing argument he may be said to have waived the point, there may be instances where the failure to object to a grave violation manifestly stems from the attorney's fear that an objection would only focus attention on an aspect of the case unfairly prejudicial to his client. If the presiding judge perceives that trial counsel has been placed in this dilemma, it is the judge's duty, on his own initiative, to interrupt, admonish the offender and instruct the jury to disregard the improper argument. Steele v. United States, 222 F.2d 628, 631 (5th Cir. 1955), cert. denied, 355 U.S. 828, 78 S.Ct. 39, 2 L.Ed.2d 41 (1957).

However, we are satisfied that in this case the conduct of the prosecutor is not open to criticism and that the reason no objection was voiced against the Assistant United States Attorney's argument is simply that the defense counsel perceived no ground for objection, as we perceive none.

█ Also without merit is the contention that the prosecutor should not have alluded to the possibility that the defendant was involved in the theft of the automobile he transported.[5] There was a reasonable basis in the evidence for inferring that the defendant was implicated in the theft and the evidence could fairly be cited as part of the proof that in transporting the vehicle the defendant had knowledge of the theft.

Other matters called to our attention constitute no violation of any substantial right of the defendant.

Affirmed.

5. "We don't know whether he, in fact, stole it, but we feel that, also, he might have been involved in the actual taking of the vehicle with Arthur Fischer or someone else. We are not claiming that he stole the car, however."