364 So.2d 923 (1978)
STATE of Louisiana
v.
James A. HAYES.
No. 62255.
Supreme Court of Louisiana.
November 13, 1978.
Rehearing Denied December 14, 1978.
Robert Glass, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., G. Michael Grosz, Abbott J. Reeves, Asst. Dist. Attys., Gretna, for plaintiff-appellee.
DIXON, Justice.
On February 3, 1977 Clyde McCoy, an undercover narcotics officer for the Louisiana State Police, went to the apartment of Lionel Webb in Kenner, Louisiana. Agent McCoy carried with him three amber colored bottles containing 435 grams of quinine and 13 ounces of lactose, substances frequently used to dilute the strength of heroin. At Webb's apartment the officer met with a black man alleged to be James A. Hayes who tested the substances and then offered McCoy heroin in exchange for them. After Lionel Webb tested the offered heroin's quality and found it satisfactory, Hayes allegedly used a business card to separate the heroin into smaller units and gave twenty-one papers inside a prescription bottle to McCoy. He then is alleged to have given McCoy the business card and to have told him to get in touch for any future transactions.
Defendant was charged by grand jury indictment with distribution of heroin in contravention of R.S. 40:966. On October 19, 1977 a jury convicted him as charged and eight days later Hayes was sentenced to life imprisonment, the mandatory term under the statute. The defendant now appeals his conviction and sentence in reliance on three assignments of error filed in the court below.
Defense counsel argues, in Assignment of Error No. 1, that the trial court *924 improperly restricted the voir dire of prospective jurors. Counsel attempted to explore the jurors' attitudes toward a defendant who remained silent at trial. The State quickly objected:
"MR. USPRICH:
As the Judge has explained to you already, the defendant is not required under our law to take the witness stand. However, I know that there is a tendency among people, and I know quite a few members of my family and friends feel that they want to hear both sides of the story. But, the defendant is not required to take the witness stand in his own behalf and we will tell you and the Judge will tell you in the charge to you, that you can't hold this against him. However, do any of you feel that you want to hear his side of the story?
MR. GROSZ:
Objection.
THE COURT:
The Court is going to sustain the objection. The question is: Would you take the law as this Court gives it and not hold it against this defendant because the law does not require him to take witness stand? Would you give me that commitment?
MR. USPRICH:
Do each of you feel that you can give the State and the defendant a fair trial?
Thank you very much."
In response to the court's ruling, the defense then adopted a broad line of inquiry and did not return to the issue. The voir dire record otherwise includes two general statements made earlier by the trial judge acknowledging the defendant's right to remain silent at trial; defendant did testify in his own defense.
The Louisiana Constitution of 1974 assures a criminal defendant "the right to full voir dire examination of prospective jurors and to challenge jurors peremptorily." Art. 1, § 17. In the past we have recognized that the purpose of voir dire is to discover bases for challenges for cause and to secure information for the intelligent exercise of peremptory challenges. State v. Drew, 360 So.2d 500 (La.1978); State v. Jackson, 358 So.2d 1263 (La.1978). The defendant must be given wide latitude in the exercise of this substantial right, State v. Holmes, 347 So.2d 221 (La.1977); State v. Hills, 241 La. 345, 129 So.2d 12 (1961) (on rehearing), and pertinent inquiries should be allowed if they can possibly show grounds for a challenge for cause, or if they will enable counsel to make intelligent use of peremptory challenges. State v. Williams, 346 So.2d 181 (La.1977).
Before the objection, defense counsel had begun to probe the jurors' attitudes toward a defendant who remained silent at trial. The defense brief argues that the defendant's right to silence is a difficult one for the jurors to understand because it goes against a natural desire to hear all sides of a story, and that some jurors might have difficulty according the presumption of innocence to the silent defendant. Such attitudes are better discovered through informal questioning keyed to common experience than formal recitations of legal requirements. A juror's response to less imposing questions may well reveal attitudes and biases not disclosed by superficially correct answers.
In State v. Monroe, 329 So.2d 193 (La. 1976), we specifically rejected the State's contention that unjustified restrictions on voir dire concerning the presumption of innocence were cured by a general instruction that the jurors must follow the law as given to them by the court. In the instant case, the trial judge's rephrasing of the question may have given rise to a cause challenge, but the bases for peremptory challenges often arise from less evident considerations. As this court noted in State v. Hills, supra: ". . . the scope of inquiry is best governed by a liberal discretion on the part of the Court so that if there is any likelihood that some prejudice is in the juror's mind which will even subconsciously affect his decision, this may be uncovered. It is by examination into the attitudes and inclinations of jurors before they are sworn to try a case that litigants are enabled to reject those persons, by *925 use of peremptory challenges where necessary, who are deemed to be unlikely to approach a decision in a detached and objective manner. . . ." 241 La. at 396, 129 So.2d at 31.
It is often said that the scope of voir dire falls within the sound discretion of the trial court (C.Cr.P. 786; State v. Dominick, 354 So.2d 1316 (La.1978); State v. Crochet, 354 So.2d 1288 (La. 1976)). However, the trial judge is required, particularly since the adoption of the Louisiana Constitution of 1974, to temper the exercise of this discretion by giving wide latitude to the defendant in his examination of prospective jurors so that he may intelligently exercise challenges for cause and peremptory challenges. State v. Boen, 362 So.2d 519 (La.1978). We therefore conclude that the trial judge was in error to restrict the voir dire.
Assignment of Error No. 2, while not presenting reversible error for reasons following, will be discussed to prevent the recurrence of error in a new trial.
By this assignment the defendant urges that the trial judge did not take appropriate action to quell improper and prejudicial remarks made by the State during closing argument. At various points in argument, the prosecutor made appeals to the jury beyond the evidence admitted in the case. At one point he made a statement concerning his personal views of the defendant's innocence:
"He starts off that this man wasn't there and he tries to make this whole thing look like a big frame-up and then about five minutes after that, when he gets down to the end of his closing arguments, he admits that probably there was a narcotics transaction that took place, but the police couldn't get the right guy and they went out and grabbed poor Mr. James Hayes. Well, if you believe that, I'm in the wrong profession and these men are in the wrong profession (indicating), because these things are very closely scrutinized to make certain that we don't have the wrong man."
Following closely upon the last remark came this appeal to the jury:
"I can tell you that it's worth plenty to a drug peddler, because it's easier to get ahold of heroin than it is to get ahold of the cutting agents. I don't like to be repetitious, but I'll tell you this, and it's what I say in every narcotics case that I try: If you turn this heroin peddler loose, you are turning a cancer loose on this society, because it's going to be your kids or the police's kids or my kids who will be the next ones that are going to get ahold of this stuff. I can tell you that we are making headway with the heroin traffic, because we are putting them away. They don't want to stay around here any more and they have been leaving the New Orleans area and they have been leaving Jefferson Parish, because the life sentences and that's why we have life sentences, for that reason. We have life sentences for this so that we don't have armed robberies and burglaries and other crimes like that. I suggest to you, ladies and gentlemen, that it would be a travesty of justice to turn this man loose. Every person in this community would be effected (sic) if you people turn him loose. You've got a pusher, a big pusher, and you have an opportunity to do something about if and I pray that you do. Thank you very much."
Article 774 of the Code of Criminal Procedure provides that the argument must be confined to "evidence admitted, to lack of evidence, to conclusions of fact that the state or defendant may draw therefrom, and the law applicable to the case." In State v. Kaufman, 304 So.2d 300 (La.1974), this court reversed a conviction because, among other errors, the prosecutor argued that he personally believed the defendant to be guilty and that he would not be in court if he did not because he had discretion to institute prosecutions as he saw fit. In this case, the prosecutor's argument is cut from the same cloth  the jury should believe the defendant guilty because the energies of law enforcement personnel would not be squandered on a weak case.
Article 774 also prohibits an appeal to prejudice in argument in Kaufman, supra, *926 we cited with approval the American Bar Association Standards relative to the prosecutorial function, Standard 5.8(d): "The prosecutor should refrain from argument which would divert the jury from its duty to decide the case on the evidence, by injecting issues broader than the guilt or innocence of the accused under the controlling law, or by making predictions of the consequences of the jury's verdict." By reference to this standard, it becomes clear that the prosecutor's arguments were improper since they attempted to turn the verdict into a plebiscite on heroin and heroin dealers and predicted dire consequences for society as a whole if Hayes were set free.
Defense counsel, however, failed to object to either comment, to ask the court for an admonition, or to move for a mistrial at any time. Therefore, in the ordinary course of matters, we would consider foreclosed any objection raised for the first time on appeal, since any irregularity or error must be objected to at the time of its occurrence. C.Cr.P. 841. The defendant therefore raises the proposition that the trial court, having been alerted by earlier objections to the prosecutor's arguments, should have monitored the rest of the argument for fairness and should have admonished the prosecutor for his remarks on its own motion. Furthermore, the argument continues, the trial judge's failure to take such action so taints the verdict as to compel a retrial.
Our jurisprudence recognizes certain limited exceptions to the contemporaneous objection rule embodied in Article 841. In State v. Lee, 346 So.2d 682 (La.1977), we reversed a trial court ruling which in effect would have allowed the prosecution to repeat prejudicial remarks if the defense did not object to them the first time they were uttered. In State v. Ervin, 340 So.2d 1379 (La.1976), we reviewed a defendant's assignment of error relating to the introduction of other crimes evidence despite his failure to move for a mistrial. There we held that a defendant who had made every reasonable effort to prevent the statement's introduction in evidence was not required to move for a mistrial or admonition from the same judge who had permitted the evidence to be introduced, as to do so would be a vain and useless thing. We have also recognized the practicalities of criminal litigation in State v. Gaines, 354 So.2d 548 (La.1978), wherein we held that the defense counsel, who may wish to avoid prejudice to his client arising from interrupting the prosecutor too frequently, may timely move for a mistrial at the conclusion of the opening or closing statement.
However, the defendant's position is not supported by the judicially created exceptions to Article 841. Defense counsel made no motion for mistrial at the close of the State's rebuttal and therefore can find no relief in State v. Gaines. Moreover, in this case the trial judge sustained several other defense objections during closing argument; requiring a contemporaneous objection cannot now be construed to be a vain and useless action within the Ervin exception to Article 841. Finally, the facts of the Lee case are clearly inapposite to those of the instant case, for in Lee we dealt with objections asserted after an initial silence; here the objections were followed by silence at the most egregious remarks.
Nevertheless, State v. Lee, supra, contains some support for the defendant's position because we therein noted "that a prosecutor's prejudicial comments in closing argument may be considered by a federal court to violate federal due process guarantees even in the absence of a defense challenge or objection at trial. United States v. Briggs, supra (457 F.2d 908 (2d Cir. 1972)); United States v. Grunberger, 431 F.2d 1062 (2d Cir. 1970); United States v. Sawyer, 347 F.2d 372 (4th Cir. 1965)." 346 So.2d at 685.
In Briggs, the Second Circuit observed that improper argument will require reversal by the appellate court even in the absence of defense objection "if the summation was `so extremely inflammatory and prejudicial' . . . that allowing the verdict to stand would `seriously affect the fairness, integrity or public reputation of judicial proceedings'", Supra at 912. The *927 rationale of Grunberger and Sawyer turns on different considerations, the reticence of the defense attorney to object to improper statements for "fear that an objection would only focus attention on an aspect of the case unfairly prejudicial to his client. If the presiding judge perceives that trial counsel has been placed in this dilemma, it is the judge's duty, on his own initiative, to interrupt, admonish the offender and instruct the jury to disregard the improper argument." United States v. Sawyer, 347 F.2d at 374.
Upon examining the State's closing argument, we are unable to agree with defense counsel that due process was offended when the trial judge failed to admonish the prosecutor on his own initiative. First, it is clear that the defense counsel did not refrain from objecting out of concern for stressing prejudicial arguments in the jurors' minds. Second, substantial evidence against defendant in the record prevents the errors in the prosecutor's argument from becoming such violations of due process rights that would require a reversal in the absence of defense objections.
Therefore, Assignment No. 2 does not present reversible error, but should not be repeated in a new trial.
Because we reverse defendant's conviction on Assignment No. 1, we do not treat Assignment No. 3, an attack on the constitutionality of the mandatory life sentence.
For the reasons assigned, the conviction and sentence are reversed and the case is remanded to the district court for further proceedings consistent with the views expressed herein.
SUMMERS, J., dissents.
SANDERS, C. J., dissents and assigns reasons.
MARCUS, J., dissents and assigns reasons.
SANDERS, Chief Justice (dissenting).
The majority reverses the conviction, because the trial judge sustained the State's objection to the following defense question directed to prospective jurors on voir dire examination:
"As the Judge has explained to you already, the defendant is not required under our law to take the witness stand. However, I know that there is a tendency among people, and I know quite a few members of my family and friends feel that they want to hear both sides of the story. But, the defendant is not required to take the witness stand in his own behalf and we will tell you and the Judge will tell you in the charge to you, that you can't hold this against him. However, do any of you feel that you want to hear his side of the story ?" [Emphasis added.]
In sustaining the objection, the trial judge ruled that the form of the question was objectionable, stating that the proper form was: "Would you take the law as this Court gives it and not hold it against the defendant because the law does not require him to take the witness stand?"
In my opinion, the ruling of the trial judge was correct. The proper formulation is not whether an individual juror would like to hear defendant's "side of the story," but whether he would penalize the defendant for exercising his right not to testify. The trial judge did not bar examination on the subject. Rather, he indicated that the question required rephrasing.
For the reasons assigned, I respectfully dissent.
MARCUS, Justice (dissenting).
The scope of voir dire examination is within the sound discretion of the trial judge and his rulings should not be disturbed on appeal absent a clear abuse of that discretion. Moreover, to determine whether a trial judge has in fact afforded a sufficiently wide latitude to a defendant in examining prospective jurors, a review of the trial judge's rulings should be undertaken only on the record of the voir dire examination as a whole. Applying these principles to the facts of the case, I am unable to say that the trial judge clearly abused his discretion. Accordingly, I respectfully dissent.