367 So.2d 832 (1979)
STATE of Louisiana
v.
Henry KELLY.
No. 62071.
Supreme Court of Louisiana.
January 29, 1979.
Rehearing Denied March 5, 1979.
*833 Elizabeth Cole, New Orleans, Orleans Indigent Defender Program, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Robert Myers, Asst. Dist. Atty., for plaintiff-appellee.
CALOGERO, Justice.[*]
On five different occasions during the early months of 1977 an individual identified as defendant, Henry Kelly, committed armed robberies at the same Tenneco Oil Company outlet, located in the 1800 block of South Claiborne Avenue in New Orleans. A five count bill of information charging these offenses was filed on March 14, 1977. On May 28, 1977, just before trial commenced, the state nolle prosequied the first count of the bill of information, and trial on the remaining four counts resulted in verdicts of guilty as charged. The defendant was sentenced to consecutive terms of ten years on each of three counts and five years on the fourth count. On this appeal defendant argues twenty assignments of error. Because we determine that these assignments do not present error requiring reversal, we affirm the convictions and sentences.
Nineteen of the assignments urged to this Court, presented in six arguments, are clearly without reversible merit; only Number 15, which will be discussed hereafter, presents a serious issue for our consideration. The first argument, which includes Assignment Numbers 1, 11, 12 and 13, involves the defense request for a subpoena duces tecum seeking production of a "log" which was purportedly kept by Tenneco for the purpose of recording details of armed robberies. In an attempt to satisfy the subpoena, a Tenneco employee brought to court police reports of all armed robberies which occurred at the location, assertedly the only records Tenneco possessed, and the court refused to allow inspection of these police reports or conduct inspection itself to determine any exculpatory content. The Tenneco representative stated that the supervisor responsible for record keeping in the area of the robberies' location was terminated for failure to keep required records. Additionally, the court declined to allow pre-trial evidence offered to show that the log had indeed existed at one time. Testimony of the Tenneco representative had been to the effect that the records were the only ones in existence at the time Tenneco sought to comply with the subpoena. Under Code of Criminal Procedure article 723[1] they were not discoverable. Furthermore, the judge was not required to inspect *834 the documents for exculpatory matter; the state had previously responded to a defense request for exculpatory matter, revealing that it had none. Defense was instructed that it could question at trial the witness it sought to present to show the log's previous existence and, while it failed to present this witness, it did establish at trial through another witness that at one time such a "log" was kept. However, the continued existence or retention of the "log" sought was not proven, and no prejudice in deferring presentation of evidence of the log's previous existence is established. These complaints lack merit.
Assignments Numbers 3, 4, 5, 6, 7, 8, 9, and 10 comprise the second argument, which concerns the court's conduct of the hearing on the motion to suppress the identification and the adverse ruling thereon. Our review establishes that the record adequately supports the denial of the motion. While we by no means approve of the trial judge's conduct which prompted the defense complaint that he exhibited bias against the defendant and his attorney, we do not find that the record establishes the existence of bias or reveals any error of reversible proportions. Moreover, the conduct of which the defense complains took place during proceedings in connection with a suppression motion heard prior to trial and out of the presence of the jury, the triers of fact charged with the duty of judging the defendant's guilt or innocence.
Assignments Numbers 18 and 19 are the subject of the third argument presented on this appeal. During the testimony of one of the victims, the court instructed that witness to cross the courtroom, approach the defendant whom he had identified, and point out the tattoo which the witness had mentioned in relating his description of the robber. Defense objected, complaining the witness had not stated the side of the robber's face on which the tattoo was located. The witness said it was the left side and then complied with the court's instructions. Later, during that same witness' testimony, after he had testified again that the robber had a question mark tattoo on the left side of his face, the trial judge asked, "You say, he had a tattoo on the left side of his face?" The defense complained that the question amounted to a prohibited comment on the evidence.
The complaint that the witness had not stated the side of the perpetrator's face on which the tattoo was located was rendered moot when, before following the court's instruction, the witness stated it was on the left side. The judge's question seeking to confirm that the witness had stated that the robber had a tattoo on the left side of his face was not a prohibited comment on the evidence but rather a request for verification of what the witness had just stated. In light of the fact that the judge's question added nothing to the evidence, which was emphatic and unequivocal and which had just been repeated by the witness for the second time during his testimony, we cannot say that the question falls within the prohibition of Article 772 of the Code of Criminal Procedure.
The fourth argument concerns Assignments Numbers 20 and 21. They involve proceedings arising from trial testimony indicating, contrary to the bill of particulars, that a corporeal line-up had been conducted in this case. During defense cross-examination one of the victims said that a corporeal line-up had taken place, at which he had identified the defendant. This revelation prompted no immediate objection on the part of the defense. After the testimony of four intervening state witnesses, at the conclusion of which the state rested, the defense called the prosecutor to the stand and had him verify that the bill of particulars communicated that there had been no corporeal line-up. Out of the jury's presence the prosecutor related that the answers in the bill of particulars were based on information communicated to him (that there were photographic identification procedures which resulted in the defendant's identification, but no corporeal line-up) and that he had no personal knowledge of a line-up, but that there could possibly have been a corporeal line-up about which he had no knowledge, as the victim-witness indicated.
*835 At this point in the prosecutor's testimony, defense sought a mistrial on the basis that the state's response to the motion for bill of particulars set forth no line-up was held, but the evidence established that there was a line-up. Mistrial was denied.
The failure of the defense to object at the time of its introduction to the evidence of line-up elicited at trial on the basis that it varied from the particulars waived any right to complain on the basis of the variance which may have existed. The record does not establish that the state's representation was false, and certainly does not indicate any willful or knowing misrepresentation. Defense's failure to pursue a course of remedial action at the time that the testimony it elicited signalled some discrepancy precludes relief on the basis of that discrepancy. These assignments are without reversible merit. See State v. Glover, 304 So.2d 348 (La.1974).
The fifth argument is presented in conjunction with Assignment Number 23. During closing argument the state argued that an identification of the defendant had been made in a fifth case, in addition to those made in the four cases for which he stood trial. The defense sought a mistrial, arguing there had been no testimony of an identification in a fifth case.
The record reveals that on cross-examination the defense elicited testimony from a witness that she was present on the occasion of a fifth robbery when the defendant robbed another Tenneco employee. Thus, the prosecutor's argument was within the permissible scope of argument outlined by Article 774 of the Code of Criminal Procedure.
Assignments Numbers 14, 15 and 16 comprise the sixth argument made in support of this appeal. The three assignments deal with the alleged curtailment of voir dire, but Assignment Number 14, which would be meritorious had the error occurred after the date upon which the judgment in State v. Holmes, 347 So.2d 221 (La.1977) became final cannot avail defendant, whose trial concluded prior to that decision. Disallowing defense inquiry regarding apprehension of the robber of the bank in which the prospective juror being examined worked was within the sound discretion afforded the trial judge to limit the scope of examination by Code of Criminal Procedure article 786; moreover, the defense had exhausted its peremptory challenges prior to this inquiry. Thus, Assignment Number 16 is likewise clearly lacking in merit.
Assignment of Error Number 15, which complains that the trial court erred in disallowing inquiry of what a prospective juror's vote would be if called upon to vote at the time of the voir dire, presents the closest issue for our consideration upon this appeal. When the trial judge disallowed the inquiry as it was framed, the defense preserved an objection. On this appeal, the defense argues that inquiry designed to test the juror's understanding of the presumption of innocence and her ability and willingness to apply it was foreclosed, in violation of the defendant's constitutional rights to a fair trial, full voir dire and peremptory challenge of prospective jurors.
After careful consideration of the assignment, we do not find it sufficiently meritorious to warrant reversal of Kelly's convictions and sentences. This Court's decisions in cases such as State v. Dixon, 365 So.2d 1310 (La.1978), State v. Hayes, 364 So.2d 923 (La.1978) and State v. Hills, 241 La. 345, 129 So.2d 12 (1961) (on rehearing) do, indeed, respect the constitutional mandate of full and effective voir dire, notwithstanding Code of Criminal Procedure article 786's grant to the trial judge of latitude in restricting voir dire examination. While the question posed by defendant's counsel in this instance arguably ought to have been permitted, we find the circumstances sufficiently distinguishable from those present in the Hayes case, a case admittedly similar to the instant case with regard to this assignment. Here, the prospective juror was simply asked how she would vote, guilty or innocent, if called upon to decide at that instant. No explanation of applicable legal principles was given this prospective juror prior to defense counsel's inquiry; at that *836 point the prospective juror was uncounseled, and possibly even unaware of what her role as a juror would be. In Hayes, prior to inquiring about the juror's tendency to want to hear the defense version of the matter at issue, the defense counsel had emphatically advised of the defendant's right to claim his Fifth amendment privilege without consequent penalty or disability.
Furthermore, the entirety of the voir dire examination indicates that the defense was otherwise given wide latitude in posing questions to the prospective jurors and was specifically permitted to inquire of prospective jurors what their vote would be at the conclusion of trial if the state failed to prove every element of the crime beyond a reasonable doubt. See State v. Monroe, 329 So.2d 193 (La.1976) (on rehearing). The assignment, while presenting a serious issue, lacks ultimate reversible merit.

Decree
For the foregoing reasons, the defendant's convictions and sentences are affirmed.
AFFIRMED.
NOTES
[*] Blanche, J., not participating.
[1] Article 723 of the Code of Criminal Procedure provides as follows:

"Except as provided in Articles 716, 718, 721, and 722, this Chapter does not authorize the discovery or inspection of reports, memoranda or other internal state documents made by the district attorney or by agents of the state in connection with the investigation or prosecution of the case; or of statements made by witnesses or prospective witnesses, other than the defendant, to the district attorney, or to agents of the state."