412 So.2d 1000 (1982)
STATE of Louisiana
v.
Jarrell Delano FRITH.
No. 81-KA-1453.
Supreme Court of Louisiana.
April 5, 1982.
*1001 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Knowles M. Tucker, Dist. Atty., J. Phil Haney, Daniel G. Guidry, Asst. Dist. Attys., for plaintiff-appellee.
Paul J. Demahy, St. Martinville, for defendant-appellant.
BURRELL J. CARTER, Associate Justice Ad Hoc.[*]
Defendant, Jarrell Delano Frith, was indicted by the St. Martin Parish Grand Jury on September 17, 1980, for three counts of attempted aggravated rape of his seven year old niece, Jerilyn Verret, in violation of La.R.S. 14:27, 14:42 (3). The counts were severed. Defendant was tried on one count and found guilty as charged on December 11, 1980, by a unamimous vote of a twelve person jury. He was sentenced to thirty (30) years imprisonment. It is from this conviction that defendant appeals.

FACTS
Defendant had been living with his seven year old niece and her family prior to October of 1979. From October, 1979 through May, 1980, defendant committed indecent sexual acts upon his niece and attempted to have sexual intercourse with her. The young girl, frightened because he had instructed her not to tell her mother, (he also told her that her mother had told him to do these things to her), did not divulge the events until the defendant moved out of the house in May, 1980.
Subsequently, defendant was arrested for the present offenses. After his arrest, defendant confessed to attempting to commit sexual intercourse with the victim.
Although five assignments of error were reserved, only four were urged on this appeal. It is well settled that assignments of error not argued nor briefed, are by law considered abandoned. State v. Sterling, 377 So.2d 58 (La.1979). Therefore, assignment of error number one will not be addressed by the Court.

ASSIGNMENT OF ERROR NUMBER TWO
Defense counsel argues, in assignment of error number two, that the trial court improperly restricted his voir dire of prospective jurors by sustaining certain objections made by the State.[1]
Following are the questions, objections and rulings complained of:
(1) R. pp 194
"BY. MR. DeMAHY: Good afternoon. We have some more questions to ask you, and then we'll proceed with more jurors. At a later time the judge will instruct you that Garrall Frith is not required to testify, and that he is not required to prove that he is innocent. Okay? With this in mind, I would like to know generally, how do you feel about a defendant who does not testify? Mrs. Williams?
BY MR. HANEY: Your Honor, I'm going to object. I don't think it's a proper question.
*1002 BY THE COURT: Sustained. How the jurors feel is not material, Mr. DeMahy. It's proper to ask the jurors whether they will abide by that rule of law if so instructed. That is the only proper question on that subject.
BY MR. DeMAHY: If the judge instructs you as I indicated that Mr. Frith is not required to testify and that he is not required to prove his innocence, and that him not taking the stand cannot be considered against him. Okay? If the judge so instructs you, will you be able to accept that and apply that rule? Mrs. Williams."
(2) R. pp 205 & 206
"BY MR. DeMAHY: Now do any of you feel that a person accused of attempting to rape a minor, for example, should satisfy you as to his innocence. Mrs. Williams?
JUROR WILLIAMS: Would you repeat the question, please?
BY MR. HANEY: Your Honor, again I'm going to have to object. That is not the question this jury has to answer.
BY THE COURT: I sustain the objection.
BY MR. DeMAHY: To which ruling we would object.
BY THE COURT: Let your objection be noted.
BY MR. DeMAHY: That'll be all."
(3) R. pp. 201
"BY MR. DeMAHY: I would like, considering everything we've discussed before, I would like for you to help me with something. Garrall, stand up. Now, I'd like to ask each of you, if you would, to look at Garrall as he stands there and tell me at this time what are your personal feelings as to his guilt or innocence. Mrs. Williams?
JUROR WILLIAMS: Not guilty.
BY DeMAHY: Okay, Mrs. Kennison?
BY MR. HANEY: Your Honor, I hate to keep objecting. I don't think the law is, is the man presumed innocent.
BY THE COURT: Yes, Mr. DeMahy, it has nothing to do with their personal feeling. It has to do with whether or not they will apply the presumption that the law demands. You haven't told them what that presumption ..."
(4) R. pp. 185 through 191
"BY MR. DeMAHY: Thank you. I would like to find out from each of you at this point, is that do you think that a confession necessarily reflects what actually happened? Mrs. Williams?
JUROR WILLIAMS: Repeat that.
BY MR. DeMAHY: Okay. Do you think that a confession necessarily reflects what actually happened.
BY MR. HANEY: Your Honor, I think that some of the jurors may be confused about what a confession is, and I think it needs to be explained.
BY THE COURT: Indeed the state's objection to the question as phrased is sustained.
BY MR. DeMAHY: I'll explain it a little bit to you. A confession generally is a statement made by someone charged with a crime indicating what happened, okay? And what I'm asking is whether you think that necessarily this actually reflects what happened.
BY MR. HANEY: Your Honor, I'm going to object again. I don't think that's a proper definition. I think the court should make ...
BY THE COURT: Sustained.
BY MR. HANEY: I think the court should define what ...
BY MR. DeMAHY: I would have no objection to the court ...
BY THE COURT: Mr. DeMahy, you left out one element. Essentially a confession is an admission of guilt, an admission against the interest of the party who makes the statement. Do all of you prospective jurors understand that? It is a statement by a party accused in which he admits his guilt. Alright, Mr. DeMahy.
BY MR. DeMAHY: Okay. Alright, with that in mind, do you think that a confession necessarily reflects what actually happened?
BY MR. HANEY: Your Honor, I hate to keep objecting, but I think that's a question *1003 that the jury can't determine until it hears the evidence. It's speculative.
BY THE COURT: That is absolutely correct, Mr. DeMahy. There are all sorts of circumstances which may surround the confession. It is not a proper question. You're asking the prospective jurors to commit themselves to a decision on an indefinite, assumed set of circumstances, and they cannot do that.
BY MR. DeMAHY: Okay. The nature of the questionmaybe I'm phrasing it improperly. But whether in all circumstances they would feel this way regardless of the surrounding.
BY THE COURT: I'm going to sustain the state's objection to that question in that form, also.
(Discussion off the record at the bench, outside the hearing of the jurors.)
BY MR. DeMAHY: To give you an idea of what we were doing so you're not wondering, we were just attempting to avoid, you know, delays by me asking questions and getting objections. So I asked the judge to rule on certain questions. And he has made his ruling. Okay? We did not want to keep you in the dark as to what was going on. Okay, my next question is this. If it is shown to you that some very important parts of the alleged confession cannot be true, will you consider this very keenly when determining what weight, if any, to give the alleged confession. Do ya'll understand the question? In other words, if its shown that some very important parts of this confession cannot be true, okay. If that is shown to you, will you consider this when determining what weight, if any, you would give to that alleged confession. Mrs. Williams, do you understand the question?
BY MR. HANEY: Your Honor, maybe I should ...
BY THE COURT: Let me see if I could clarify the situation.
BY MR. HANEY: It's still confusing me, and it's still asking them to assume something that we don't know if there is.
BY THE COURT: Mr. DeMahy is asking you to assume that if the state introduces in this case a confession and then to assume that it is proved that certain statements in that confession, certain facts in that confession cannot be correct. Assume those two things. Then assuming those two things, he's asking you will you consider that in determining what weight to give that confession. Does that make it any clearer for you? One of the obligations of a juror is to determine the credibility of evidence, the weight to be given it, the importance to be given to all the evidence that you hear, the testimony of the witnesses, documents that are introduced, everything. You have to decide what to believe and what not to believe. You're not obligated to believe everything you hear. Understand? Alright. With that in mind, the question is, assume there is a confession introduced and assume that it is proved that some fact or facts in that confession cannot be true, will you consider that in determining the credibility, the weight of the confession. Understand it a little better now?
BY MR. HANEY: Your Honor, before they answer it, if we can approach the bench.
(Discussion at the bench)
BY THE COURT: The state's objection to that question is overruled. Now that just let enough time go by so that all of you forgot what we said. You want to try again, Mr. DeMahy?
BY MR. DeMAHY: Alright. We ask you to assume two things. One, the state introduces a confession. Two, that there is evidence showing that important facts in that confession cannot be true. Okay. With those two things being assumed, would you consider this in deciding what credibility, you know, what believability to give that confession. Mrs. Williams, would you consider that?"
Article 1, Section 17 of the Louisiana Constitution 1974 affords the accused the right to full voir dire examination. While the jurisprudence of this state is that the scope of voir dire falls within the sound discretion of the trial court, the trial court must give wide latitude to counsel in voir *1004 dire examination.[2] The disallowance of an otherwise proper question is not automatically reversible and in evaluating the ruling of the trial court, the entire record of the voir dire examination must be considered. State v. Robinson, 404 So.2d 907, 911-912 (La.1981).
A review of the examination shows that at no time was an objection raised by the defendant regarding the court's ruling except in regard to question number two. Even though there was an objection to the ruling of the court on question number two, no reason was given for the objection. Although, Code Crim.P. art. 841 requires a contemporaneous objection, this court held in State v. Hayes, 364 So.2d 923 (La.1978) that the Constitutional mandate of Article 1, Section 17 requires an inquiry into any limitation on voir dire examination absent an objection by the defendant and grounds therefor.
In State v. Hayes, supra, this court held that the trial court improperly restricted the voir dire examination of prospective jurors. In the Hayes case, counsel attempted to explore the juror's attitude towards a defendant who remains silent at trial. The question posed by counsel for defendant and objected to by the State was as follows:
"MR. USPRICH: As the Judge has explained to you already, the defendant is not required under our law to take the witness stand. However, I know that there is a tendency among people, and I know quite a few members of my family and friends feel that they want to hear both sides of the story. But, the defendant is not required to take the witness stand in his own behalf and we will tell you and the Judge will tell you in the charge to you, that you can't hold this against him. However, do any of you feel that you want to hear his side of the story?
MR. GROSZ: Objection.
THE COURT: The Court is going to sustain the objection. The question is: Would you take the law as this Court gives it and not hold it against the defendant because the law does not require him to take witness stand? Would you give me that commitment?
MR. USPRICH: Do each of you feel that you can give the State and the defendant a fair trial? Thank you very much."
In response to the court's ruling, the defense adopted a broad line of inquiry and did not return to the issue. The voir dire record otherwise includes two general statements made earlier by the trial judge acknowledging the defendant's right to remain silent at trial. The defendant did testify in his own defense. This court stated that we have recognized that the purpose of voir dire is to discover bases for challenge for cause and to secure information for the intelligent exercise of peremptory challenges. State v. Drew, 360 So.2d 500 (La.1978); State v. Jackson, 358 So.2d 1263 (La.1978).
In Hayes, this Court further stated:
"The defendant must be given wide latitude in the exercise of this substantial right, State v. Holmes 347 So.2d 221 (La. 1977); State v. Hills, 241 La. 345, 129 So.2d 12 (1961) (on rehearing), and pertinent inquiries should be allowed if they can possibly show grounds for a challenge for cause or if they will enable counsel to make intelligent use of peremptory challenges. State v. Williams 346 So.2d 181 (La.1977).
Before the objection, defense counsel had begun to probe the jurors' attitudes toward a defendant who remained silent at trial. The defense brief argues that the defendant's right to silence is a difficult one for the jurors to understand because it goes against a natural desire to hear all sides of a story, and that some jurors might have difficulty according the presumption of innocence to the silent defendant. Such attitudes are better discovered through informal questioning keyed to common experience than formal recitations of legal requirements. A juror's response to less imposing questions may well reveal attitudes and biases not disclosed by superficially correct answers. *1005 In State v. Monroe, 329 So.2d 193 (La. 1976), we specifically rejected the State's contention that unjustified restrictions on voir dire concerning the presumption of innocence were cured by a general instruction that the jurors must follow the law as given to them by the court. In the instant case, the trial judge's rephrasing of the question may have given rise to a cause challenge, but the bases for peremptory challenges often arise from less evident consideration. As this court noted in State v. Hills, supra:
`... the scope of inquiry is best governed by a liberal discretion on the part of the Court so that if there is any likelihood that some prejudice is in the juror's mind which will even subconsciously affect his decision, this may be uncovered. It is by examination into the attitudes and inclinations of jurors before they are sworn to try a case that litigants are enabled to reject those persons, by use of peremptory challenges where necessary, who are deemed to be unlikely to approach a decision in a detached and objective manner.... 241 La. at 396, 129 So.2d at 31.'"
As a result of the above, the trial judge is required under the Louisiana Constitution of 1974 and the Hayes case, supra, to temper the exercise of any limitation on the scope of voir dire examination by giving wide latitude to the defendant in his examination of prospective jurors. This is so that the defendant may intelligently exercise challenges for cause and peremptory challenges. State v. Boen, 362 So.2d 519 (La. 1978).
Since question number one posed by counsel for the defendant in the instant case is almost identical to the question posed in the Hayes case, supra, we therefore conclude that the trial judge committed reversible error in restricting the voir dire. Hayes further makes it clear that a trial judge cannot cure a prejudicial curtailment of voir dire examination by extracting from the jurors a commitment that they will follow the law as given.
Having determined that it was reversible error for the trial judge to restrict voir dire as concerns question (1), it is unnecessary to consider the other restriction under Assignment of Error No. 2. However, the rationale of Hayes, supra, would equally apply to these restrictions, and, although not reversible error, these restrictions should be avoided in a new trial. The trial court's sustaining objections to questions (2), (3), (4), and (5) resulted in the questions either being rephrased, or the areas adequately probed by other questions propounded during the voir dire.
For the above and foregoing reasons, State v. Hayes, supra, requires that defendant's conviction be reversed and his remaining assignments of error need not be considered. This case is remanded to the district court for further proceedings consistent with the views expressed herein.
REVERSED AND REMANDED.
BLANCHE and WATSON, dissent.
LEMMON, J., dissents and will assign reasons.
NOTES
[*] Judges Melvin A. Shortess, Burrell J. Carter, and Felix H. Savoie, Jr. of the First Circuit Court of Appeal participated in this decision as Associate Justices Ad Hoc, joined by Justices Dennis, Blanche, Watson and Lemmon.
[1] Article 1, Section 17 of the Louisiana Constitution of 1974 provides in pertinent part as follows: "The accused shall have the right to full voir dire examination of prospective jurors and to challenge jurors peremptorily."
[2] State v. Hayes, 364 So.2d 923 (La.1978)