LOBRANO, Judge.
Defendant, John Jarreau, was charged by bill of information with being a convicted felon in possession of a firearm, a violation of LSA R.S. 14:95.1.[1] On November 3, *2 1983, defendant was arraigned and pled not guilty. Trial was held on April 8, 1984 and defendant was found guilty as charged by a twelve-member jury. On April 23, 1984 defendant was sentenced to nine (9) years, eleven (11) months in the custody of the department of Corrections without benefit of parole, probation, or suspension of sentence and fined $5,000.00.
PACTS:
At approximately 4:30 a.m. on July 28, 1983, off-duty Officer Will Reed entered Lulu Belle’s restaurant. Shortly thereafter a woman entered the restaurant and shouted “they was burglarizing cars”. Fearing his car might be in danger of being burglarized, Officer Reed went outside. As he did so, the woman then stated “they’re not breaking into automobile’s, watch the man across the street. He’s got a gun.” Officer Reed observed defendant across the street. Defendant was carrying a newspaper.
Officer Reed removed his service revolver, and approached the defendant. He identified himself as a police officer and ordered defendant to drop the gun. Defendant dropped the newspaper and the gun was revealed. Officer Reed then removed the gun and a box of cartridges which were folded into the newspaper. Defendant was taken into custody.
Defendant appeals his conviction and sentence asserting the following assignments of error:
1) The trial court erred in limiting defense counsel’s voir dire of the jurors relative to defendant not taking the stand;
2) The trial court erred in granting the State’s challenge for cause of juror, Herbert Brazley.
3) The trial court erred in permitting the State’s witness, Officer Reed, to testify as to prejudicial hearsay statements.
4)The trial court erred in imposing an excessive sentence.
ASSIGNMENT OP ERROR I:
Defendant asserts that the trial court improperly restricted the voir dire of prospective jurors. Defense counsel attempted to explore the jurors’ attitudes toward a defendant who remains silent during trial.
The State objected to defense counsel’s opening comments which attempted to probe the jurors’ attitudes on this question. The trial court sustained the objection.
Following are the comments and rulings complained of:
“By Mr. Meyer: (defendant’s attorney) ... There is another type of witness who takes the stand, and takes the stand, if he does in fact, with a different catagory, and that’s the defendant. He is obviously the only person in this Courtroom with a stake, a serious stake in the outcome of these proceedings. He has hired me as his attorney, for my professional skill and advice. And, during the course of this trial, I have to advise him of a very important thing. Does he, or does he not take the stand.
By Mr. Nevitte: (prosecutor)
Objection, Your Honor, as to any questions to — by the Defense, regarding the defendant taking the stand.
By the Court:
Objection sustained.
By Mr. Meyer:
May we approach the bench for a minute? I think we can (inaudible) embarrassment.
Reporter’s Note:
A conference ensued at the bench, after which the following ensued:
By the Court:
Make your statement for the record.
By Mr. Meyer:
*3 At this time, Your Honor, I want to make an objection. The Court has refused me the right—
By the Court:
—Now, wait awhile. I haven’t refused you anything yet.
By Mr. Meyer:
I’m objecting to the Court sustaining the prosecution’s objection—
By the Court:
—You told me you had a case that said— By Mr. Meyer:
—I don’t want to get into the case. I’m making an objection right now—
By the Court:
—Wait awhile.
By Mr. Meyer:
—and let the Court rule as it wishes. By the Court:
Wait awhile. You told me you had a case that said that you had a right — that the State did not have the right to question anybody on whether or not how they felt about a defendant not taking the witness stand.
By Mr. Meyer:
I’m not interested in what the State’s doing. I’m interested in my questioning—
By the Court:
—Can you produce the case, Sir?
By Mr. Meyer:
No sir. I’m not interested in what the State’s doing. I’m, in my voir dire—
By the Court:
—May I rule?
By Mr. Meyer:
Yes, sir.
By the Court:
You’re overruled.
By Mr. Meyer:
I want to note the objection that the Court has refused me the permission to voir dire the jury on the effect of the defendant taking the stand, or not taking the stand.
By the Court:
That’s a question of law, Ladies and Gentlemen of the Jury. And, I’ll give you instructions at the end of the trial on that.”
Article I, Section 17 of the Louisiana Constitution of 1974 assures a criminal defendant “the right to full voir dire examination of prospective jurors and to challenge jurors peremptorily.”
The accused’s right to intelligently exercise cause and peremptory challenges may not be curtailed by the exclusion of non-repetitious voir dire questions which reasonably explore the jurors’ potential prejudices, predispositions or misunderstandings. State v. Duplessis, 457 So.2d 604 (La.1984), State v. Monroe, 329 So.2d 193 (La.1976).
On the other hand, the scope of voir dire falls within the sound discretion of the trial court. C.Cr.P. Articles 786. However, the trial court is required to temper the exercises of this discretion by giving wide latitude to the defendant in his examination of prospective jurors so that he may intelligently exercise challenges for cause and peremptory challenges. State v. Williams, 457 So.2d 610 (La.1984); State v. Boen, 362 So.2d 519 (La.1978).
The purpose of voir dire is to discover bases for challenges for cause and to secure information for the intelligent exercise of peremptory challenges. State v. Drew, 360 So.2d 500 (La.1978); State v. Jackson, 358 So.2d 1263 (La.1978). The defendant must be given wide latitude in the exercise of this substantial right, State v. Holmes, 347 So.2d 221 (La.1977); State v. Hills, 129 So.2d 12 (La.1961), and pertinent inquires should be allowed if they can possibly show grounds for a challenge for cause, or if they will enable counsel to make intelligent use of peremptory challenges. State v. Williams, 346 So.2d 181 (La.1977).
The defendant’s right to silence is a difficult one for jurors to understand because it goes against a natural desire to hear all sides of a story. Some jurors might have difficulty according the per-sumption of innocence to the silent defendant. Such attitudes are better discovered *4 through informal questioning keyed to common experience than formal recitations of legal requirements. A juror’s response to less imposing questions may well reveal attitudes and biases not disclosed by superficially correct answers. See, State v. Frith, 412 So.2d 1000 (La.1982); State v. Hayes, 364 So.2d 923 (La.1978). Thus, the trial court’s limitation on defendant’s right to voir dire the prospective jurors on his right to remain silent was improper.
The State asserts that the following instructions by the Court cured any possible improper limitation on voir dire:
“And, if I instruct you that if he does not take the witness stand, which I will instruct you, then, you’re not to consider that against this defendant ...”
The State’s argument is without merit.
In State v. Monroe, supra, our Supreme Court specifically rejected the State’s contention that unjustified restrictions on voir dire concerning the presumption of innocence were cured by a general instruction that the jurors must follow the law as given to them by the court. In the instant case, the trial court’s instruction may have given rise to a challenge for cause but the bases for peremptory challenges often arises from less evident considerations. As stated in State v. Hills, supra:
the scope of inquiry is best governed by a liberal discretion on the part of the Court so that if there is any likelihood that some prejudice is in the juror’s mind which will even subconsciously affect his decision, this may be uncovered. It is by examination into the attitudes and inclinations of jurors before they are sworn to try a case that litigants are enabled to reject those persons, by use of peremptory challenges where necessary, who are deemed to be unlikely to approach a decision in a detached and objective manner_” 129 So.2d at 31.
Thus, the trial court is required to temper the exercise of any limitation on the scope of voir dire by giving wide latitude to the defendant in his examination of prospective jurors so that the defendant can intelligently exercise challenges for cause and peremptory challenges.
For the foregoing reasons defendant’s conviction and sentence are reversed and this matter is remanded to the district court for further proceedings.
REVERSED AND REMANDED.

. LSA 14:95.1:
A. It is unlawful for any person who has been convicted of first or second degree murder, manslaughter, aggravated battery, aggravated or simple rape, aggravated kidnapping, aggravated arson, aggravated or simple burglary, armed or simple robbery, burglary of a pharmacy, burglary of an inhabited dwelling, or any violation of the Uniform Controlled Dangerous Substances Law which is a felony or any crime defined as an attempt to commit one of the above enumerated offenses under the laws of this state, or who has been convicted under the laws of any other state or of the United States or of any foreign government or country of a crime which if committed in this state, would be one of the above enumerated crimes, to possess a firearm or carry a concealed weapon.
*2 B. Whoever is found guilty of violating the provisions of this Section shall be imprisoned at hard labor for not less than three nor more than ten years without the benefit of probation, parole or suspension of sentence and be fined not less than one thousand dollars nor more than five thousand dollars.