19 F.3d 13
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Basil RITCHIE, a/k/a Buddy, Defendant-Appellant.
 No. 91-5266.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Feb. 15, 1994.
Decided: March 8, 1994.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Elkins; Frederick P. Stamp, Jr., District Judge. (CR-89-278)
 Timothy F. Cogan, O'Brien, Cassidy & Gallagher, L.C., Wheeling, WVA, for appellant.
 William A. Kolibash, U.S. Atty., Thomas O. Mucklow, Rita M. Valdrini, Asst. U.S. Attys., Wheeling, WVA, for appellee.
 N.D.W.Va.
 AFFIRMED.
 Before WILKINS and NIEMEYER, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Basil Ritchie appeals his conviction of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C.A. Sec. 846 (Supp.1993) and four counts of distribution of cocaine in violation of 21 U.S.C. Sec. 841(a)(1) (1988). He complains that the prosecutor's closing argument constituted plain error, the district court erred in refusing to grant his motion for a witness competency hearing and in allowing the introduction of evidence seized as a result of a consent search, the Government gave insufficient notice pursuant to Fed.R.Crim.P. 12(d)(2), the evidence was insufficient to support his conviction, and trial counsel was ineffective. We affirm.
 
 
 2
 * Basil Ritchie was a life-long acquaintance of Robin Crago. In late 1987 or early 1988, Crago became an informant for the Weirton, West Virginia Police Department. On March 18, 1989, Crago ran into Ritchie at a bar. Crago asked Ritchie if he had any cocaine for sale. Ritchie stated that he did have cocaine for sale and gave her a sample. Crago took the sample to Lieutenant Beatty who had the sample tested.
 
 
 3
 Beatty then suggested that Crago set up the purchase of additional cocaine from Ritchie. Crago was given three hundred dollar bills and transmitting devices. The cocaine was purchased. Additional purchases of cocaine were accomplished through John Minda, who had recently moved into Weirton. Minda purchased $1000 worth of cocaine from Ritchie. Minda also called Ritchie on one occasion and Ritchie delivered cocaine which Minda later sold to a government informant.
 
 
 4
 On December 14, 1989, officers went to Ritchie's house to execute an arrest warrant. Ritchie admitted the officers into the house. Several officers conducted a protective walk-through for the purpose of determining whether anyone in the house might threaten the officers' safety. During the walk through, one of the officers observed drug paraphernalia on a nightstand. Ritchie's mother then consented to the search of the residence; the drug paraphernalia was recovered.
 
 
 5
 Following a jury trial, Ritchie was found guilty.
 
 II
 
 6
 Ritchie first complains that the Government's closing argument was improper because the prosecutor injected his personal belief in Appellant's guilt. Because the error was not noted below, we review for plain error. Fed.R.Crim.P. 52(b). We must determine whether the prosecutor's remarks undermined the fundamental fairness of the trial. United States v. Young, 470 U.S. 1, 16 (1985).
 
 
 7
 The inquiry is not difficult. While he claims that the prosecutor expressed a personal belief in his guilt, Ritchie points to nothing other than the prosecutor's use of the term "we know." The phrase "we know" was used as a rhetorical device to summarize evidence. Ritchie pointed to no specific instance where the personal belief of the prosecutor was expressed nor did he identify any prejudice. The trial was not fundamentally unfair. See United States v. Sawyer, 347 F.2d 372 (4th Cir.1965) (prosecutor did not exceed bounds of propriety where his comments were based on testimony and he did not personally vouch or suggest that he knew of facts not before the jury).
 
 III
 
 8
 Ritchie asserts that the district court erred in refusing his motion for a competency hearing with respect to the important government witness, Robin Crago. Crago was injured and her physical condition and appearance were such that she was reluctant to testify. In addition, her doctor stated that she was having difficulty exercising judgment. She had a tendency to confabulate. The trial was delayed until Crago felt that she was sufficiently recuperated to testify. At trial, she was cross-examined at length.
 
 
 9
 Ritchie claims that a competency hearing should have been held to test the reliability of Crago's testimony. Under Fed. R. of Evid. 601, every person, with limited exceptions, is permitted to testify. The advisory notes state that the question of witness competency is particularly suited to the jury as one of weight and credibility. The district court did not err in failing to hold a competency hearing and permitting Crago to testify. United States v. Odom, 736 F.2d 104 (4th Cir.1984).
 
 IV
 
 10
 Ritchie next claims that the district court erred in improperly admitting evidence seized from his mother's home at the time of his arrest. Considering the district court's determination with respect to the suppression of evidence, we review the legal conclusions de novo and the factual conclusion under the clearly erroneous standard. United States v. Rusher, 966 F.2d 868, 873 (4th Cir.1992), cert. denied, 61 U.S.L.W. 3285 (U.S.1992).
 
 
 11
 Ritchie complains that the original search of his mother's home could not be justified under Maryland v. Buie, 494 U.S. 325 (1990), or the consent given by his mother. Executing an arrest warrant, officers went to Kathleen Ritchie's home where Ritchie was living. While two of the officers remained with Ritchie in the living room, two other officers went upstairs in a protective sweep. The officers had discussed the potential for violence prior to executing the warrant: both Ritchie and his brother had been previously involved in violent conduct. During the protective sweep, one officer saw drug paraphernalia in plain view in an upstairs bedroom.
 
 
 12
 Kathleen Ritchie was advised that evidence had been seen which would form the basis for a search warrant and asked if the house could be searched to expedite matters. The officers neither displayed weapons nor raised their voices. Kathleen Ritchie agreed to permit the search and later denied any knowledge of the additional drug paraphernalia found.
 
 
 13
 Ritchie attacks the magistrate judge's findings that the protective sweep was appropriate, based as it was on fear of violence. United States v. Baker, 577 F.2d 1147, 1152 (4th Cir.), cert. denied, 439 U.S. 850 (1978). We are not "left with the definite and firm conviction that a mistake has been made." United States v. Bernard, 757 F.2d 1439, 1443 (4th Cir.1985), quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948).
 
 
 14
 Appellant also attacks the magistrate judge's finding that his mother voluntarily consented to the search of her house. Even if Ritchie had standing to complain of the voluntariness of the consent to search given by his mother, Rakas v. Illinois, 439 U.S. 128, 148-149 (1979), it is clear that his objections are without merit. The record supports the finding that Kathleen Ritchie consented freely and voluntarily, notwithstanding the officer's mention of his ability to obtain a search warrant. United States v. Hummer, 916 F.2d 186, 190 (4th Cir.1990), cert. denied, 499 U.S. 970 (1991). Under the totality of the circumstances, Kathleen Ritchie consented to the search of her house. Schneckloth v. Bustamonte, 412 U.S. 218 (1973). The magistrate judge's finding, adopted by the district court, was not clearly erroneous. United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948).
 
 V
 
 15
 Ritchie asserts that the Government violated his due process rights when it failed to give sufficient notice in response to his motion under Fed.R.Crim.P. 12(d)(2). Rule 12(d)(2) provides, in pertinent part, that the defendant may, in order to afford an opportunity to suppress, request notice of the government's intention to use any discoverable evidence in its case in chief. Ritchie asserts that he was unable to prepare.
 
 
 16
 The only specific material not provided, a 1987 statement by Ritchie, however, was not used by the Government in its case in chief. Ritchie identified no prejudice; his claim has no merit. United States v. Gee, 695 F.2d 1165 (9th Cir.1983).
 
 VI
 
 17
 Ritchie challenges the sufficiency of the evidence.* We must determine "whether viewing the evidence in the light most favorable to the [g]overnment, any rational trier of facts could have found the defendant guilty beyond a reasonable doubt." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir.1982) (emphasis in original).
 
 
 18
 Count One charged conspiracy to possess with intent to distribute between March 1989, and December 1989. Evidence is sufficient to support a conviction where the government shows that a conspiracy existed, that the defendant had knowledge of the conspiracy, and that the defendant voluntarily became a part of the conspiracy. United States v. Bell, 954 F.2d 232 (4th Cir.1992), citing United States v. Badolato, 701 F.2d 915, 920 (11th Cir.1983). Further proof may be made by circumstantial evidence. United States v. Giunta, 925 F.2d 758, 764 (4th Cir.1991). Finally, the totality of the circumstances may suffice to infer the necessary agreement. United States v. Anderson, 611 F.2d 504 (4th Cir.1979).
 
 
 19
 Minda testified as to his relationship with Ritchie from September to November. Minda stated that he sent third parties to Ritchie's home to get cocaine. Candy Lohry testified that Minda was a regular cocaine dealer at a downtown club. Cotton Bennett also participated. Ritchie's scales, a kind typically used by drug dealers, were also submitted as evidence, as was testimony concerning a meeting at Minda's apartment to "break down" cocaine. The evidence supported the conviction for conspiracy.
 
 
 20
 Count Two charged distribution of cocaine in violation of 21 U.S.C. Sec. 841(a)(1). Distribution requires either physical transfer of the drug or other acts in furtherance of the transfer. United States v. Crockett, 813 F.2d 1310, 1316 (4th Cir.), cert. denied, 484 U.S. 834 (1987). Crago's testimony supports the conviction. She testified that on March 18, 1989, she was given a sample of cocaine by Ritchie which she took to Lieutenant Beatty. A tape corroborated her testimony.
 
 
 21
 Count Three also charged distribution of cocaine and involved the sale to Crago suggested by Lieutenant Beatty. The testimony of Crago and the tape of the sale provide sufficient evidence.
 
 
 22
 Count Five charges distribution of cocaine by Ritchie in late October of 1989. John Minda testified that his cocaine relationship began at the end of October 1989. He stated that he got cocaine from Ritchie by sending someone out to pick it up from him. Candy Lohry, Minda's girlfriend, confirmed much of his testimony. Sufficient evidence supported these convictions.
 
 VII
 
 23
 Finally, Ritchie claims that trial counsel was ineffective under Strickland v. Washington, 466 U.S. 668 (1984). It is not our practice to address claims of ineffective assistance of counsel on direct appeal, and we decline to do so here. Ordinarily, we require that appellant first assert such a claim in a collateral proceeding under 28 U.S.C. Sec. 2255 (1988), so that the trial court can develop a more complete evidentiary record with regard to counsel's performance. United States v. Tatum, 943 F.2d 370, 379 (4th Cir.1991); United States v. Grandison, 783 F.2d 1152, 1156-57 (4th Cir.) cert. denied, 479 U.S. 845 (1986); United States v. Mandello, 426 F.2d 1021, 1022-23 (4th Cir.1970).
 
 
 24
 Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Ritchie complains of the insufficiency of the evidence with respect to Count Four. He, however, was found not guilty of Count Four. The sufficiency of the evidence with respect to the counts he appears to question is reviewed