PITCHER, Judge.
Defendant, Joseph Andrea Mickey, was charged by bill of information with distribution of cocaine, in violation of LSA-R.S. 40:967A(1). Defendant pled not guilty. After a jury trial, defendant was found guilty as charged and sentenced to a term of imprisonment of fifteen years at hard labor, with credit for time served. Defendant appeals from this conviction and sentence.
FACTS
Defendant allegedly sold crack cocaine to Sergeant Jerry Butler in Terrebonne Parish on May 7, 1991. Sergeant Butler was an undercover narcotics agent for the St. Maty Parish Sheriffs Office but was assigned to the Terrebonne Parish Narcotics Strike Force during May of 1991. Sergeant Butler was paired with a confidential informant who knew the defendant.
On May 7,1991, the confidential informant led Sergeant Butler to the defendant in the Senator Circle area in Terrebonne Parish. They approached the defendant by vehicle. Defendant, who was standing with four other men, told Sergeant Butler and the confidential informant to exit the vehicle. Defendant inquired as to what they were looking for. Sergeant Butler responded by asking defendant what he had. Defendant answered that he had some “twenties”, the street name for rocks of cocaine worth $20.00. After this-exchange, defendant and Sergeant Butler walked away from the other men. Sergeant Butler testified that after they left the other men, defendant took out a matchbox which contained what appeared to be four rocks of cocaine. Sergeant Butler selected one of the rocks and paid defendant $20.00 for it. Sergeant Butler then returned to his vehicle and placed the rock in an evidence envelope. He labeled the envelope with the defendant’s name, which he obtained from the confidential informant, and the time the rock was purchased. Later, Sergeant Butler gave the evidence to the case agent and surveillance officer, Pat Babin. The rock tested positive for cocaine. Several months later, defendant was arrested.
The State of Louisiana instituted prosecution against defendant by filing a bill of information, charging that he unlawfully and intentionally distributed cocaine, a controlled dangerous substance, on or about May 7, 1991, in violation of LSA-R.S. 40:967(A)(1). On May 13, 1992, a jury convicted defendant as charged. Defendant subsequently filed a Motion for New Trial and Motion for Post-Verdict Judgment of Acquittal. The motions were heard and denied. On June 6,1992, the court sentenced defendant to fifteen (15) years of hard labor with the Louisiana Department of Corrections. Defendant now appeals, asserting the following three assignments of error:
1.
The Trial Court erred in unduly limiting the scope of counsel’s questions during voir dire.
2.
The Trial Court erred in denying the defendant’s Motion for New Trial and Motion for Post-Verdict Judgment of Acquittal.
*26 3.
The Trial Court erred by imposing an excessive sentence.
ASSIGNMENT OF ERROR NUMBER ONE
In this assignment of error, defendant contends that the trial court erred in unduly limiting the scope of voir dire. After the first panel of prospective jurors was selected and prior to the commencement of voir dire of the second jury panel, the trial court stated:
I’m going to impose some restrictions on you that I think you ought to know about way ahead of time with the next panel. I discuss presumption of innocence. I discuss the lack of prejudice if the defendant does not testify. I only touch on reasonable doubt. I say that the state has the burden of proof. I don’t want that gone into again. It’s totally repetitious and useless. I will not let anybody from this point on inquire as to what about members of the family. I think it’s embarrassing. I’ve told them that it’s, I wouldn’t let you intrude into their affairs and you won’t. If you want to ask them if they have a prejudice against drug offenders, against anybody connected with drugs, that’s so bad that they couldn’t serve, certainly you can do that.
Defense counsel immediately objected but did not state a specific ground. The trial court noted the objection and stated that it was limiting voir dire because it was duplicitous.
Defendant submits that the trial court’s limitation on voir dire constitutes reversible error. He argues that, although the jurors were questioned by the trial court, a review of their responses indicate that further inquiry was required and should have been permitted. Defendant further argues, that although the scope of voir dire is within the court’s discretion, it cannot limit voir dire “to such an extent as to destroy or impair the constitutional and/or statutory rights of challenge for cause and/or peremptory challenge.” We agree.
LSA-Const. art. 1, § 17 (1974) states, in pertinent part, that the accused shall have a right to full voir dire examination of prospective jurors and to challenge jurors peremptorily. Thus, a defendant in a criminal case is constitutionally entitled to a full and complete voir dire examination and to the exercise of peremptory challenges. The court, the state, and the defendant shall have the right to examine prospective jurors. LSA-C.Cr.P. art. 786; State v. Bell, 477 So.2d 759, 765 (La.App. 1st Cir.1985), writ denied, 481 So.2d 629 (La.1986).
Voir dire is designed to discover grounds for challenges for cause and to secure information for the intelligent exercise of peremptory challenges. The scope of the voir dire examination is within the sound discretion of the trial court, whose rulings will not be disturbed on appeal in the absence of a clear abuse of discretion. State v. Williams, 560 So.2d 519, 528 (La.App. 1st Cir.1990); State v. Burton, 464 So.2d 421, 425 (La.App. 1st Cir.1985), writ denied, 468 So.2d 570 (La.1985). A review of the trial court’s rulings should be undertaken only on the record of the voir dire examination as a whole to determine whether the defendant was afforded a sufficiently wide latitude in his examination of prospective jurors. The trial court must afford defendant a wide latitude in the exercise of this constitutionally guaranteed right. State v. Burton, 464 So.2d at 425.
Although voir dire may not encompass unlimited inquiry into all possible prejudices of prospective jurors, the defendant in a criminal proceeding should, however, be allowed to make such inquiries that will enable him to secure his constitutional rights by eliciting facts which show grounds for challenges. His right to intelligently exercise cause and peremptory challenges may not be curtailed by the exclusion of non-repetitious voir dire questions which reasonably explore the prospective jurors’ potential prejudices, predispositions, or misunderstandings, which are relevant to the central issues of the particular case. State v. Thomas, 589 So.2d 555, 565 (La.App. 1st Cir.1991), (citing State v. Bell, 477 So.2d at 766). The scope of inquiry is best governed by a liberal *27 discretion on the part of the court so that if there is any likelihood that some prejudice is in the juror’s mind which will even subconsciously affect his decision, it may be discovered on voir dire. State v. Hills, 241 La. 345, 129 So.2d 12, 31 (1961).
After reviewing the voir dire examination as a whole, we are of the opinion that the trial court failed to temper the exercise of its discretion by giving “wide latitude” to defense counsel in her examination of prospective jurors, as required by our jurisprudence. State v. Hall, 616 So.2d 664, 669 (La.1993); State v. Frith, 412 So.2d 1000 (La.1982); State v. Hayes, 364 So.2d 923 (La.1978); State v. Jackson, 358 So.2d 1263 (La.1978). The trial court unduly restricted the scope of voir dire after the first jury panel was selected. The record establishes that during the examination of the first panel, defense counsel asked the prospective jurors whether any of their relatives or friends had a drug problem. Defense counsel did not inquire as to the identity of the relatives or friends of the jurors who responded in the affirmative. The questions posed by counsel to the jurors could not be considered as an intrusion into their personal affairs or as being embarrassing to them. Even if we concede, for the sake of argument, that the questions did cause a juror some embarrassment, when measured, however, against the defendant’s constitutional right to full voir dire examination and to challenge jurors peremptorily, the former must give way to the latter.
The defendant in the instant case was charged with the distribution of cocaine. Specific inquiry as to the presence of drugs among their family and friends and the effect of drugs on each prospective juror would have permitted defendant to determine whether a particular juror could remain impartial. Even if the prospective juror declared his ability to remain impartial, his responses as a whole could have revealed facts from which the defendant could have reasonably inferred the juror’s bias, prejudice, or inability to render a verdict according to law. State v. Thompson, 489 So.2d 1364, 1370 (La.App. 1st Cir.), writ denied, 494 So.2d 324 (La.1986). It is by examination into the attitudes and inclinations of jurors before they are sworn to try a case that litigants are enabled to peremptorily challenge those who are deemed to be unlikely to reach a verdict in an objective and detached manner. State v. Frith, 412 So.2d 1000 at 1005; State v. Hills, 129 So.2d at 31. This conclusion is substantiated by a review of the voir dire record of the first panel. The record reveals that certain challenged jurors could not have rendered a verdict according to law.
Moreover, even though defense counsel failed to give a reason for objecting to the trial court’s limitation of the scope of voir dire, the Supreme Court of Louisiana has recognized certain limited exceptions to the contemporaneous objection rule embodied in LSA-C.Cr.P. 841. See, State v. Lee, 346 So.2d 682 (La.1977); State v. Ervin, 340 So.2d 1379 (La.1976); State v. Gaines, 354 So.2d 548 (La.1978). In State v. Hayes, 364 So.2d at 926, the Court stated that the constitutional mandate of LSA-Const. art. 1, § 17 (1974) requires an inquiry into any limitation on voir dire examination absent an objection by the defendant and grounds therefor.
We find that the trial court’s curtailment of the defendant’s right to elicit information from prospective jurors as to the use or presence of drugs among their families or friends was prejudicial. The trial court’s curtailment of voir dire in this respect clearly deprived defendant of the opportunity to show grounds for challenges. Accordingly, we conclude that the trial judge committed reversible error in restricting the scope of voir dire. Having determined that it was reversible error for the trial court to restrict voir dire with respect to assignment of error number one, it is not necessary to review defendant’s remaining assignments of error.
For the above and foregoing reasons, the defendant’s conviction and sentence are reversed. This case is remanded to the trial court for a new trial.
REVERSED AND REMANDED.
LeBLANC, J., dissents and assigns reasons.