|2FOIL, Judge.
The defendant, Theron A. Washington, was charged by bill of information with distribution of cocaine, a violation of La.R.S. 40:967(A). He pled not guilty and, after trial by jury, was found guilty as charged. The defendant was subsequently sentenced to fifteen years imprisonment at hard labor with credit for time served. He appealed, urging the following assignments of error:
1. The finding of guilt by the jury in a vote of 10-2 was in error because there was insufficient evidence presented during the trial upon which a verdict of guilty could be based.
2. The trial court erred in failing to require the state to disclose the identity of its confidential informant.
3. The trial court erred in imposing a sentence of fifteen years at hard labor because under the facts and circumstances of this case the sentence constitutes cruel and excessive punishment.
4. The trial court erred in imposing a sentence of fifteen years at hard labor because the sentence does not conform to the requirements of La.C.Cr.P. art. 875.1.
5. The defendant’s trial counsel was ineffective for failing to object to the trial court’s thirty minute limitation for voir dire.
6. The defendant’s trial counsel was ineffective for failing to object to and move for a mistrial after the police officer referred to the defendant’s alleged alias during his testimony.
7. The defendant’s trial counsel was inef- ■ fective in failing to move for a mistrial when the jury informed the court it was deadlocked after over two hours of deliberation.
8. The defendant’s trial counsel was ineffective in failing to object to the trial court’s giving an Allen charge to the jury.
Assignments of error numbers one, ' three, four, and six were not briefed on appeal and, therefore, are considered abandoned. Uniform Rules-Courts of Appeal, Rule 2-12.4.
FACTS
On the evening of November 25, 1991, an undercover police officer and a confidential informant met the defendant at a prearranged location in East Baton Rouge Parish. The defendant approached the driver’s side of the informant’s vehicle. He handed a clear plastic bag containing cocaine to the undercover officer, and the officer handed the defendant $175.00. The defendant then left the area.
IgTwo additional undercover police officers, who were parked in a parking lot across the street from the informant’s car, observed the drug transaction. Subsequently, all three undercover officers identified the defendant as the person who distributed cocaine.
ASSIGNMENT OF ERROR NUMBER TWO
The defendant contends in this assignment of error that the trial court erred in failing to grant his motion to require the state to disclose the identity of the confidential informant. He argues that the confidential informant was not merely a bystander but participated in the transaction considerably more than just furnishing a tip to the police officers. He claims that, because the informant was paid to work eases for the Baton Rouge Police Department, he was “an ad hoc police officer paid to do a job” and the defendant was “denied his constitutionally protected right to confront and cross-examine this witness just as he would any police officer involved in this case.”
The defendant has a constitutional right to confront witnesses against him in a criminal prosecution. U.S. Const, amend. VI; La. Const. Art. 1, § 16. However, the privilege of withholding the identity of an informer who supplies information to law enforcement officers concerning crime is founded on public policy and seeks to advance the public interest and effective law enforcement by encouraging and protecting the flow of information. State v. Fontenot, 524 So.2d 867, 869 (La.App. 3d Cir.1988).
*451 As a general rule, the state is allowed to withhold the identity of an informer from the accused; it is the defendant who bears the burden of demonstrating exceptional circumstances pertaining to his defense before disclosure is required. Wide discretion is vested in the trial court to determine when disclosure' is proper. State v. Carey, 626 So.2d 905, 907 (La.App. 3d Cir. 1993). Disclosure of the name of the confidential informant will be ordered when the prosecution’s case shows that the informer, cooperating with the police, participated in the crime. See Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957).
|4Although the three undercover officers who were present at the scene of the drug transaction satisfactorily identified the defendant, he contends that, because the issue of his identity was his defense and the informant was the only non-police witness present during the alleged drug transaction, he should be able to cross-examine the informant. The defendant compares his case to State v. Fontenot, wherein the appellate court reversed the defendant’s conviction due to the trial court’s failure to require the disclosure of the confidential informant’s identity. The defendant claims that the confidential informant in the instant case participated in the crime itself to a greater degree than did the confidential informant in Fonte-not. We disagree.
In Fontenot, the confidential informant participated in the actual transaction itself by arranging the sale of marijuana while alone with the defendant. The defendant did not make the actual sale, but he procured another to sell drugs to the undercover officer. Because the defendant was convicted as a principal to the crime, his conviction was dependent on evidence of the participation of the informant and her conversation with the defendant about arranging the sale of drugs. The confidential informant dealt with the defendant alone regarding the sale of the marijuana and was not merely a bystander or an onlooker.
In the instant case, the informant, in the presence of police officers, paged the defendant on the defendant’s beeper. The defendant returned the informant’s call and gave instructions about where to meet him. The informant then drove the undercover officer to the prearranged location. According to the undercover officer’s testimony, the informant did not participate in the dealing or the actual drug transaction.
In State v. Carey, the court explained that disclosure of the informant’s identity is not warranted where the confidential informant merely introduces the defendant to a police officer when the transaction takes place, for such actions alone do not amount to participation in the crime; such actions on the part of the confidential informant are not perceived to have “framed” or “set Rup” the defendant to do something which he is not predisposed to do. The same is true when a confidential informant introduces a defendant to the police officer and is present at the sale, when the defendant and the officer voluntarily engaged in the conversation leading to the sale and the informant does not actively participate in the transaction. State v. Carey, 626 So.2d at 908.
In the instant case, the confidential informant called the defendant’s beeper in order to introduce the undercover officer to the defendant and to facilitate their meeting. However, after arriving at the prearranged location, the informant was merely present to introduce the defendant to the undercover officer and did not participate in the negotiations for the sale of the cocaine or the actual transaction itself. Because the informant was not an active participant in the narcotics purchase, disclosure of his identity is not required. Cf. State v. McSweeney, 619 So.2d 861, 870 (La.App. 3d Cir.1993); State v. Jones, 587 So.2d 787, 792-93 (La.App. 3d Cir.), writ denied, 590 So.2d 78 (La.1991). We find that the trial court did not abuse its discretion in denying the defendant’s motion to reveal the confidential informant’s identity. This assignment of error is without merit.
ASSIGNMENT OF ERROR NUMBER FIVE
In his fifth assignment of error, the defendant contends that his trial counsel was ineffective for failing to object to the trial court’s *452 limiting of the voir dire examination. He argues that the trial court’s limitation of thirty minutes per side per panel, the court’s restriction as to the issue of identity, and the court’s restriction as to the issue of burden of proof constituted reversible error.
Voir dire examination is designed to discover grounds for challenges for cause and to secure information for an intelligent exercise of peremptory challenges. The scope of voir dire examination is within the sound discretion of the trial court; its rulings will not be disturbed on appeal in the absence of a clear abuse of discretion. State v. Williams, 560 So.2d 519, 523 (La.App.p 1st Cir.1990). A review of its rulings should be undertaken only on the record of the voir dire examination as a whole to determine whether or not a sufficiently wide latitude was afforded the defendant in examining prospective jurors. State v. Burton, 464 So.2d 421, 425 (La.App. 1st Cir.), writ denied, 468 So.2d 570 (La.1985).
Although voir dire may not encompass unlimited inquiry into all possible prejudices of prospective jurors, the defendant in a criminal proceeding should be allowed to make such inquiries that will enable him to secure his constitutional rights by eliciting facts which show grounds for challenges. His right to intelligently exercise cause and peremptory challenges may not be curtailed by the exclusion of non-repetitious voir dire questions which reasonably explore the prospective jurors’ potential prejudices, predispositions, or misunderstandings, which are relevant to the central issues of the particular case. State v. Thomas, 589 So.2d 555, 565 (La.App. 1st Cir.1991) (citing State v. Bell, 477 So.2d 759, 766 (La.App. 1st Cir. 1985), writ denied, 481 So.2d 629 (La.1986)).
The defendant admits that defense counsel failed to object to the alleged restrictions set by the court during voir dire; however, he claims that he is not precluded from raising this issue on appeal under State v. Mickey, 626 So.2d 24 (La.App. 1st Cir.1993).[1] In Mickey, this Court interpreted State v. Hayes, 364 So.2d 923, 926 (La.1978), to say that the constitutional mandate of La. Const. Art. 1, § 17, requires an inquiry into any limitations on voir dire examination absent an objection by the defendant and grounds therefor. 626 So.2d at 27. Thus, the defendant contends that this mandate allows this Court to review the alleged errors despite his trial counsel’s lack of objections.
In Mickey, this Court reversed the defendant’s conviction due to the trial court’s limitation of the scope of voir dire ^specifically regarding questioning potential jurors about drug use among family members or friends. The defendant objected but failed to state grounds for his objection. In Hayes, the defendant did not object to the trial court’s restriction of the voir dire; rather, the state objected to defense counsel’s questioning of prospective jurors and the trial court sustained the state’s objection. Thus, the Hayes court reviewed the defendant’s assignment of error relating to the restriction of his voir dire examination. While comments in Hayes regarding a different issue recognize certain limited exceptions to the contemporaneous objection rule of La.C.Cr.P. art. 841, these exceptions do not apply to the instant case. Herein, neither defense counsel nor the state objected at any time during voir dire to any of the alleged errors now set forth on appeal.
Moreover, after reviewing the voir dire in the instant ease, we are unable to find that the defendant suffered any undue prejudice as a result of the alleged limitations set on his voir dire. Prior to the beginning of voir dire, the trial court asked defense counsel not to be repetitive and stated, “LET’S PICK THIS JURY RATHER QUICKLY, 30 MINUTES PER SIDE.” The trial court then conducted a lengthy questioning of the first panel of potential jurors. At the end of its questioning, the court stated, “I’M GOING TO ASK THAT THE ATTORNEYS NOT GO OVER ANYTHING THAT’S WRITTEN ON THE FORM. I’M GOING TO ALLOW 30 MINUTES PER PANEL, *453 IT WILL BE EXTENDED ONLY FOR GOOD CAUSE SHOWN. LET’S TRY NOT TO BE REPETITIVE.” There was no objection by either the state or the defense. The prosecutor and defense counsel then questioned the jurors. At one point, the court asked the potential jurors, “CAN ANY MEMBER OF THIS JURY NOT ANSWER THOSE QUESTIONS IN THE SAME MANNER AS MR. COLTHARP [potential juror]? IF SO, INDICATE BY RAISING YOUR HAND.” The Court made this inquiry after defense counsel questioned Coltharp about the defense’s burden of proof. Defense counsel did not object to the trial court’s inquiry.
Subsequently, during defense counsel’s questioning of the potential jurors, the trial court asked the panel, “DOES EVERYONE Jj¡ON THE JURY PANEL UNDERSTAND THE CONCEPT MS. RAY [defense counsel] IS MAKING? IDENTITY HAS TO BE PROVEN, CAN ALL OF YOU ACCEPT THAT? IF NOT, RAISE YOUR HAND. THEY’VE ALL INDICATED THEY UNDERSTAND THAT.” Defense counsel did not object to the trial court’s statements. She then continued questioning the first jury panel without further interruption by the trial court. Defense counsel ended her questioning by stating to the trial court, “THAT’S ALL THE QUESTIONS.”
The trial court also examined the second panel of jurors extensively and again instructed counsel for both sides to limit their questioning to thirty minutes per side which would be “EXTENDED FOR GOOD CAUSE SHOWN.” The court also asked that the state and the defense not go over the questionnaires or any other covered ground. Neither the state nor the defense objected to the trial court’s statements. Again, defense counsel ended her questioning of the jury panel by stating to the trial court, “THAT’S ALL THE QUESTIONS I HAVE.”
There is no indication in the record that the state or the defendant used all of the time allowed by the court for voir dire. The court did not interrupt either side due to time constraints and defense counsel does not claim she ran out of time or needed more time. The minutes show that jury selection began at 1:50 p.m. and continued until 4:15 p.m., when the jury was selected.
Additionally, when the trial court interrupted defense counsel during voir dire and asked questions on its own, the court did not restrict counsel from asking any further questions pertaining to that particular subject. Moreover, defense counsel did question other potential jurors with regard to burden of proof and identity. We find that the defendant was afforded sufficiently wide latitude by the trial court in the examination of prospective jurors.
After reviewing the voir dire examination in its entirety, we are unable to find that the trial court abused its discretion with regard to the voir dire examination. Although the arbitrarily imposed time limitations were improper, our review of the transcript of the voir dire examination as a whole convinces us 19that the potential deprivation of the constitutional right to full voir dire examination inherent in the time limitations never materialized in this case, in which the defendant was afforded full and fair examination of the prospective jurors. Accordingly, because the defendant failed to show he was prejudiced by the imposition of the time limitation or the court’s questioning of the jurors during his voir dire, this assignment of error lacks merit.
ASSIGNMENTS OF ERROR NUMBERS SEVEN AND EIGHT
The defendant argues in assignments of error numbers seven and eight that his trial counsel was ineffective for failing to move for a mistrial and for failing to object to a prohibited Allen charge given to the jury.
Initially, we note that a claim of ineffective counsel is more properly raised by an application for post-conviction relief in the district court where a full evidentiary hearing may be conducted. State v. Hicks, 554 So.2d 1298, 1306 (La.App. 1st Cir.1989), writs denied, 559 So.2d 1374 (La.1990) and 604 So.2d 1297 (La.1992). However, where the record discloses evidence needed to decide the issue of ineffective assistance of counsel and that issue was raised by assignment of error on *454 appeal, the issue may be addressed in the interest of judicial economy. State v. Bourgeois, 451 So.2d 172, 174 (La.App. 1st Cir.), writ denied, 457 So.2d 18 (La.1984).
The United States Supreme Court has established a two-part test for review of a convicted defendant’s claim that his counsel’s assistance was so defective as to require reversal of a conviction. In Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Court stated:
First, the defendant must show that counsel’s performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the “counsel” guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel’s errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.
466 U.S. at 687, 104 S.Ct. at 2064.
Iioln evaluating the performance of counsel, the “inquiry must be whether counsel’s assistance was reasonable considering all the circumstances.” Strickland, 466 U.S. at 688, 104 S.Ct. at 2065. “The defendant must show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.” Strickland, 466 U.S. at 694, 104 S.Ct. at 2068.
First, the defendant contends that trial counsel failed to move for a mistrial, pursuant to La.C.Cr.P. art. 775(2), when the jury returned to the courtroom after approximately two and one-half hours of deliberation without reaching a verdict. Athough defense counsel did not make a motion for a mistrial when the jury indicated it could not reach a verdict, we are unable to find that the defendant was prejudiced by defense counsel’s delinquency. Upon learning of the jury’s failure to reach a verdict, the trial court indicated that it was too soon for the court to declare a mistrial. The trial court did not specifically inform the jurors that it would not accept a mistrial; the court simply urged the jurors to continue their deliberations. Therefore, even if defense counsel had moved for a mistrial, it was highly unlikely that the court would have granted her motion. Nor do we find it would have been error for the court to deny such a motion. We cannot find that the defendant suffered any undue prejudice as a result of defense counsel’s failure to move for a mistrial. Thus, we find that the defendant’s claim of ineffective assistance of counsel due to his trial counsel’s failure to make a motion for a mistrial lacks merit.
The defendant also contends that his trial counsel failed to object to the trial court’s giving the jury an alleged modified Allen charge when the jury declared that, after deliberating for more than two hours, it could not reach a verdict, and no juror would change his or her vote. The Allen charge stems from the United States Supreme Court decision in Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896). In that case, the [nCourt approved of a charge designed to break a jury deadlock and achieve jury unanimity. The predominant thrust of the original Allen charge was that the minority block of jurors, regardless of whether the jurors were inclined toward conviction or acquittal, should reconsider the reasonableness of their opinion, as it was not shared by a majority of the jury. State v. Caston, 561 So.2d 941, 942 (La.App.2d Cir. 1990).
The Louisiana Supreme Court expressly disapproved of Allen charges and held that the giving of such a charge, or any modification thereof, constituted reversible error. State v. Nicholson, 315 So.2d 639 (La.1975), See State v. Canton, 561 So.2d at 942. The court determined the Allen charge had a coercive effect on the minds of the jurors. As another court explained, the charge emphasizes that the jury has a duty to decide the matter at hand, which implies that the trial judge would not accept a mistrial in the case. Additionally, when the duty to reach a verdict is coupled with the trial court’s admo *455 nition that those in the minority should reconsider their position, there exists an almost overwhelming pressure to conform to the majority’s view. State v. Campbell, 606 So.2d 38, 40 (La.App. 4th Cir.1992).
The charge at issue in the instant case contains the following language:
THE COURT: THE COURT HAS RECEIVED A MESSAGE, THE FOLLOWING: “THE JURY CANNOT COME TO A VERDICT, NO ONE WILL CHANGE THEIR VOTE.” THE STATE OF LOUISIANA HAS GONE TO A LOT OF TIME AND EXPENSE IN PREPARATION FOR THIS TRIAL, AS HAS THE DEFENSE. THE MESSAGE IS VERY BLIND TO THE TASK AT HAND. THE AMOUNT OF TIME THAT YOU HAVE SPENT THUS FAR, IT’S NOW 5:15, THE MATTER HAS BEEN IN YOUR HANDS NOT MORE THAN TWO AND A-HALF HOURS. IT’S MUCH TOO SOON TO EVEN CONTEMPLATE SUCH A REQUEST TO THIS COURT. YOU ARE EXPECTED TO DELIBERATE UNTIL YOU REACH A JUST VERDICT. I AM GOING TO CONSIDER SUPPER BETWEEN 7:00 AND 7:30, LATER ON WE’LL CONSIDER ACCOMMODATIONS FOR THE NIGHT, ONCE A JURY IS SEQUESTERED THEY HAVE TO BE SEQUESTERED UNTIL A DECISION IS REACHED. WE’LL CONSIDER THAT IF AND WHEN, APPROXIMATELY LATE EVENING, LATE EVENING. YOU ARE NOT EXPECTED TO SURRENDER YOUR HONEST BELIEFS, HOWEVER, YOU ARE TO DISCUSS THE MATTER AMONGST YOURSELVES AND DISCUSS THE EVIDENCE AND COME TO A JUST VERDICT. I KNOW THAT YOU ARE AWARE, IF YOU’VE THE (sie) READ THE PAPERS AT ALL, HOW LONG, SOMETIMES, IT TAKES FOR A JURY TO COME TO A VERDICT. WE ARE JUST COMMENCING THIS VERY SOLEMN TASK THAT YOU’VE UNDERTAKEN AND AS HARD AS IT MAY BE I AM CONFIDENT THAT YOU WILL REACH A JUST VERDICT. WE WILL DISCUSS SUPPER IN A COUPLE OF HOURS. REMAND THE JURY. LET ME KNOW IF YOU REACH A JUST VERDICT BEFORE THEN.
| laAfter reviewing the trial court’s charge to the jury in the instant case, we do not find that the court’s comments constitute a prohibited Allen charge. The court did not admonish the minority members of the jury to reexamine the reasonableness of their opinion or adherence to their original convictions. Nor did the court state that it would not accept a mistrial. The court merely indicated that it felt that it was much too soon in deliberations for the jury to conclude that it could not reach a verdict. The instant charge does not appear coercive in its total context and does not rise to an Allen/Nicholson level. We do not perceive the charge as so fundamentally unfair that it deprives the defendant of due process. Thus, we are unable to find that the defendant’s trial counsel was deficient in her failure to object to this charge. Accordingly, the failure to object to the instant charge does not support the claimed constitutionally deficient performance of trial counsel. Therefore, we find no merit to the defendant’s claims that trial counsel was ineffective. These assignments of error are without merit.
For the foregoing reasons, we affirm the defendant’s conviction and sentence.
CONVICTION AND SENTENCE AFFIRMED.

. Although the defendant claims in his assignment of error that his trial counsel was ineffective for failing to object to these alleged limitations set by the trial court, in his brief to this Court the defendant does not argue ineffective assistance of counsel under this assignment of error.